# EXHIBIT F

John E. Flaherty
Cynthia S. Betz
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

*Of Counsel:*

Ali S. Razai
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
ali.razai @knobbe.com

*Attorneys for Sundesa, LLC d/b/a BlenderBottle®*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNDESA, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, | ) ) ) C.A. No. ) |
| Plaintiff, | ) ) |
| v. | ) **COMPLAINT FOR PATENT** ) **INFRINGEMENT, TRADE DRESS** ) **INFRINGEMENT, FALSE** |
| TEJARAH INTERNATIONAL INC. d/b/a KITCHSMART, a New Jersey company, | ) **DESIGNATION OF ORIGIN, AND** ) **UNFAIR COMPETITION** ) ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** ) |

-1-

ME1 32830425v.1

Case 1:20-cv-02609 Document 1-6 Filed 03/10/20 Page 2 of 28 PageID #:2

Plaintiff Sundesa, LLC, d/b/a The BlenderBottle Company ("BlenderBottle®") hereby complains of Tejarah International Inc. d/b/a Kitchsmart ("Defendant") and alleges as follows:

## I. JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over Defendant because Defendant resides in this judicial district, has a principal place of business in this judicial district and has a continuous, systematic, and substantial presence within this judicial district. For example, Defendant has been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce

-2-

knowing such products would be sold in New Jersey and this district. These acts form a substantial part of the events or omissions giving rise to BlenderBottle®'s claims.

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b) because Defendant is a company organized and existing under the laws of the State of New Jersey and has its principal place of business located within this district, because Defendant has committed acts of infringement by offering to sell and/or selling infringing products in this judicial district, and because Defendant has a regular and established place of business in this district.

## II.  THE PARTIES

4.      Plaintiff Sundesa, LLC doing business as the BlenderBottle Company is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

5.      BlenderBottle® is informed and believes, and, based thereon, alleges that Defendant Tejarah International, Inc. d/b/a Kitchsmart is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 720 S. Front St. Elizabeth, New Jersey 07202.

ME1 32830425v.1

## III.  GENERAL ALLEGATIONS

6.      BlenderBottle® revolutionized the way supplements are mixed and consumed.  Through the tireless efforts of its designers and engineers over nearly two decades, BlenderBottle® has pioneered innovative technology and path-breaking designs to create premium products that help simplify everyday life. Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle®'s shakers have become the go-to products for outdoor enthusiasts, gym goers, serious protein drinkers and more.   Products embodying BlenderBottle®'s proprietary designs and technology have been lauded by consumers and the media, including *Good Morning America*, *Reader's Digest*, *Self*, *the Today Show*, *Men's Fitness*, and others.

7.      BlenderBottle® protects its substantial investment in innovation and design from imitators with its intellectual property rights.

8.      On April 30, 2002, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 6,379,032 (the "'032 Patent"), titled "FLOW-THROUGH AGITATOR."  BlenderBottle® is the exclusive licensee of the '032 Patent and has been granted all rights thereunder, including the right and standing to enforce the '032 Patent.  A true and correct copy of the '032 Patent is attached hereto as **Exhibit 1.**

-4-

9.      On October 4, 2005, the USPTO duly and lawfully issued United States Design Patent No. D510,235 (the "'D235 Patent"), titled "BOTTLE." BlenderBottle® is the exclusive licensee of the D235 Patent and has been granted all rights thereunder, including the right and standing to enforce the D235 Patent. A true and correct copy of the D235 Patent is attached hereto as **Exhibit 2**.

10.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States shakers, including for example the Top Shaker and Blender, that have infringed BlenderBottle®'s patent rights, including the '032 Patent and D235 Patent (collectively, the "Asserted Patents").  The Top Shaker and Blender is depicted below.



11.     BlenderBottle® manufactures and sells shakers bearing a distinctive trade dress in the overall design of its classic shaker (the "Classic Trade Dress"). An example of BlenderBottle®'s Classic Trade Dress is depicted below.

ME1 32830425v.1



12.    As a result of BlenderBottle®'s widespread use and display of the Classic Trade Dress in association with its shakers, (a) the public has come to recognize and identify shakers bearing the Classic Trade Dress as emanating from BlenderBottle®, (b) the public recognizes that shakers bearing the Classic Trade Dress constitute high quality products that conform to the specifications created by BlenderBottle®, and (c) the Classic Trade Dress has established strong secondary meaning and extensive goodwill.

13.    The Classic Trade Dress is not functional.  The design features embodied by the Classic Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the Classic Trade Dress is not a competitive necessity.

ME1 32830425v.1

14.     Subsequent to BlenderBottle®'s use and adoption of the Classic Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold shakers that use a design that is confusingly similar to the Classic Trade Dress.

15.     BlenderBottle® manufactures and sells agitators bearing a distinctive trade dress in the overall design of the product (the "Agitator Trade Dress").  An example of BlenderBottle®'s Agitator Trade Dress is depicted below.



16.     As a result of BlenderBottle®'s widespread use and display of the Agitator Trade Dress in association with its agitators, (a) the public has come to recognize and identify agitators bearing the Agitator Trade Dress as emanating from BlenderBottle®, (b) the public recognizes that agitators bearing the Classic Trade Dress constitute high quality products that conform to the specifications created by BlenderBottle®, and (c) the Agitator Trade Dress have established strong secondary meaning and extensive goodwill.

17.     The Agitator Trade Dress is not functional.  The design features embodied by the Agitator Trade Dress is not essential to the function of the

product, does not make the product cheaper or easier to manufacture, and does not affect the quality of the product. The design of each of the Agitator Trade Dress is not a competitive necessity.

18.     The Agitator Trade Dress and the Classic Trade Dress are invaluable assets essential to BlenderBottle®'s success and represent the designs of their signature products. The shape of the Agitator Trade Dress symbolizes the company itself and is a registered trademark used by BlenderBottle® as its corporate logo.



19.     This logo is prominently displayed on BlenderBottle®'s website, its marketing materials, and stamped on its products.

20.     Subsequent to BlenderBottle®'s use and adoption of the Classic Trade Dress and the Agitator Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold shakers and agitators that use trade dress that are confusingly similar to the Classic Trade Dress and the Agitator Trade Dress, respectively.

21.     On May 25, 2017, BlenderBottle® sent Defendant a cease and desist letter demanding that Defendant cease selling shakers that infringe the '032 Patent and D235 Patent. A true and correct copy of this letter is attached as **Exhibit 3.**

ME1 32830425v.1

22.     On July 13, 2018, February 27, 2019, April 8, 2019, April 30, 2019, June 20, 2019, and July 23, 2019, BlenderBottle® sent Defendant follow-up letters demanding that Defendant immediately stop any infringing conduct, including its infringement of the '032 Patent and D236 Patent.  True and correct copies of these letters are attached as **Exhibits 4-9.**

23.     Despite BlenderBottle®'s letters (collectively the "Cease and Desist Letters"), Defendant has continued to sell infringing products.

24.     BlenderBottle® is informed and believes, and based thereon alleges that Defendant has intended to blatantly copy BlenderBottle®'s proprietary designs, and pass off its goods as BlenderBottle®'s high quality products to misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace.  Defendant's use of the Classic Trade Dress and Agitator Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products with BlenderBottle®, when there is none.

25.     Defendant's acts complained of herein have caused BlenderBottle® to suffer irreparable injury to its business.  BlenderBottle® will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

ME1 32830425v.1

26.    BlenderBottle® is informed and believes, and on that basis alleges that Defendant's acts complained of herein are willful and deliberate.

## IV.  FIRST CLAIM FOR RELIEF
(Patent Infringement)
(35 U.S.C. § 271)

27.    BlenderBottle® repeats and re-alleges the allegations of paragraph 1-26 of this Complaint as if set forth fully herein.

28.    This is a claim for patent infringement under 35 U.S.C. § 271.

29.    Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the '032 Patent, either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's Top Shaker and Blender product.

30.    For example, the Top Shaker and Blender infringes at least Claim 15 of the '032 Patent as shown in the claim chart attached hereto as **Exhibit 10**.

31.    BlenderBottle® is informed and believes, and thereon alleges that Defendant knew of the '032 Patent at least as early as 2017, when BlenderBottle® sent the first of its Cease and Desist Letters to Defendant detailing Defendant's infringing activities with respect to the '032 Patent.

32.    Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D235 Patent by

making, using, selling, offering for sale, and/or importing products, including for example the Top Shaker and Blender product, that have a design that infringes the D235 Patent. For example, the side-by-side visual comparison of BlenderBottle®'s patented design and one of Defendant's Top Shaker and Blender products shown below establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's Top Shaker and Blender is substantially the same as the claimed design of the D235 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to the be the other. As a result, Defendant infringes the D235 Patent.

| Defendant's Top Shaker and Blender | D235 Patent |
|---|---|
|  |  |

ME1 32830425v.1



33.     BlenderBottle® is informed and believes, and thereon alleges that Defendant knew of the D235 Patent at least as early as 2017, when BlenderBottle® sent the first of its Cease and Desist Letters to Defendant detailing Defendant's infringing activities with respect to the D235 Patent.

34.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to BlenderBottle®.

35.     Pursuant to 35 U.S.C. § 284, BlenderBottle® is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

36.     Pursuant to 35 U.S.C. § 285, BlenderBottle® is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

37.     Pursuant to 35 U.S.C. § 289, BlenderBottle® is entitled to Defendant's total profits from Defendant's infringement of the Asserted Patents.

38.     Due to Defendant's actions, constituting patent infringement, BlenderBottle® has suffered great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

39.     Defendant will continue to infringe BlenderBottle®'s patent rights to the great and irreparable injury of BlenderBottle®, unless and until Defendant is enjoined by this Court.

## V.  SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement)
### (15 U.S.C. § 1125(a))

40.     BlenderBottle® repeats and re-alleges the allegations of paragraph 1-39 of this Complaint as if set forth fully herein.

41.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

42.     Subsequent to BlenderBottle®'s use and adoption of the Classic Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the Classic Trade Dress.  An example of Defendant's infringing use of the Classic Trade Dress, as found on Defendant's website, kitchsmart.com is shown below:

ME1 32830425v.1



| Defendant's Top Shaker and Blender | BlenderBottle®'s Classic Trade Dress |
|---|---|

43. Subsequent to BlenderBottle®'s use and adoption of the Agitator Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the Agitator Trade Dress. An example of Defendant's infringing use of the Agitator Trade Dress, as found on Defendant's website, kitchsmart.com is shown below:

| Defendant's Top Shaker and Blender | BlenderBottle®'s Agitator Trade Dress |
|---|---|

-14-

44. Defendant's use of the Classic Trade Dress and Agitator Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BlenderBottle®.

45. BlenderBottle® is informed and believes, and based thereon alleges, that Defendant infringed BlenderBottle®'s trade dress rights with the intent to unfairly compete with BlenderBottle®, to trade upon BlenderBottle®'s reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by BlenderBottle®, when they are not, resulting in a loss of reputation in, and mischaracterization of, BlenderBottle®'s products and its brand, damaging its marketability and saleability.

46. Defendant's activities constitute willful and intentional infringement of BlenderBottle®'s trade dress rights in total disregard of BlenderBottle®'s proprietary rights, and were done despite Defendant's knowledge that use of the Classic Trade Dress and Agitator Trade Dress was and is in direct contravention of BlenderBottle®'s rights.

47. BlenderBottle® is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains,

profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to BlenderBottle®. By reason of Defendant's actions, constituting trade dress infringement, BlenderBottle® has been damaged and is entitled to monetary relief in an amount to be determined at trial.

48. Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendant's profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim.

49. Due to Defendant's actions, constituting trade dress infringement, BlenderBottle® has suffered great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

50. Defendant will continue to infringe BlenderBottle®'s trade dress rights to the great and irreparable injury of BlenderBottle®, unless and until Defendant is enjoined by this Court.

ME1 32830425v.1

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin & Federal Unfair Competition)
### (15 U.S.C. § 1125(a))

51.    BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-50 of this Complaint as if set forth fully herein.

52.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

53.    Defendant's use of the Classic Trade Dress and Agitator Trade Dress, without BlenderBottle®'s consent, constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

54.    Defendant's use of the Classic Trade Dress and Agitator Trade Dress as a whole, without BlenderBottle®'s consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. § 1125(a).

-17-

ME1 32830425v.1

55.    BlenderBottle® is informed and believes, and based thereon alleges that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regard to BlenderBottle®'s rights.

56.    Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendant's profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case.  The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim.

57.    BlenderBottle® has been damaged by Defendant's conduct in an amount to be determined at trial.

58.    Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, BlenderBottle® has suffered and continues to suffer great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

59.    Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading

representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## VI.  FOURTH CLAIM FOR RELIEF
(Unfair Competition)
(N.J. Stat. § 56:4-1 & Common Law)

60.    BlenderBottle® repeats and re-alleges the allegations of paragraph 1-59 of this Complaint as if set forth fully herein.

61.    This is a claim for unfair competition arising under N.J. Stat. § 56:4-1 and New Jersey common law.

62.    Defendant's acts of trade dress infringement and false designation of origin complained of herein constitute unfair competition under statutory law, particularly the New Jersey Trademarks and Unfair Trade Practices Act. N.J. Stat. §§ 56:4-1 and 4-2, and common law of the State of New Jersey.

63.    BlenderBottle® is informed and believes, and based thereon alleges that Defendant undertook the acts alleged above willfully, for the purpose of enriching itself to BlenderBottle®'s detriment.

64.    BlenderBottle® is entitled to actual, indirect, and/or trebled damages as a direct and proximate result of Defendant's unlawful and/or unfair business acts or practices pursuant to N.J. Stat. § 56:4-2 and New Jersey common law.

ME1 32830425v.1

65. By its actions, Defendant has injured and violated the rights of BlenderBottle® and has irreparably injured BlenderBottle®, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, BlenderBottle® prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the Asserted Patents in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's products accused of infringing the Asserted Patents, and any products that are not colorably different from these products;

C. That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pay to BlenderBottle® all damages suffered by BlenderBottle® and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D.     That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claim of trade dress infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a), N.J. Stat. § 56:4-2, and New Jersey common law;

E.     That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    1.     manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's products infringing the Classic Trade Dress and/or Agitator Trade Dress, or any products that are not colorably different therefrom;

    2.     using BlenderBottle®'s Classic Trade Dress, or any other trade dress that is confusingly similar to BlenderBottle®'s Classic Trade Dress;

    3.     using BlenderBottle®'s Agitator Trade Dress, or any other trade dress that is confusingly similar to BlenderBottle®'s Agitator Trade Dress;

    4.     falsely designating the origin of Defendant's products;

5.      passing off Defendant's products as those of BlenderBottle®;

6.      misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

7.      unfairly competing with BlenderBottle® in any manner whatsoever; and

8.      causing a likelihood of confusion or injuries to BlenderBottle®'s business reputation.

F.      That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation or origin, passing off, and unfair competition;

G.      That BlenderBottle® be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117 and/or N.J. Stat. § 56:4-2, including all damages sustained by BlenderBottle® as a result of Defendant's acts of trade dress infringement, false designation of origin, passing off, and unfair competition, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action. That such award of BlenderBottle® of damages and profits be trebled pursuant to 15 U.S.C. § 1117 and/or N.J. Stat. § 56:4-2;

H.     An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

I.     An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

J.     An award to BlenderBottle® of the attorneys' fees, expenses, and costs incurred by BlenderBottle® in connection with this action pursuant to 35 U.S.C. § 285 15 U.S.C. § 1117 and/or New Jersey common law;

K.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

L.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

McCARTER & ENGLISH LLP

Dated: March 10, 2020        By: */s/ John E. Flaherty*
                                 John E. Flaherty
                                 Cynthia S. Betz
                                 Four Gateway Center
                                 100 Mulberry Street
                                 Newark, New Jersey 07102
                                 (973) 622-4444


                                 *Attorneys for Sundesa, LLC d/b/a*
                                 *BlenderBottle®*




*Of Counsel:*

Ali S. Razai
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Tel: (949) 760-0404
Fax: (949) 760-9502
ali.razai @knobbe.com

ME1 32830425v.1

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Respectfully submitted

McCARTER & ENGLISH LLP

Dated: March 10, 2020     By: */s/ John E. Flaherty*
                                        John E. Flaherty
                                        Cynthia S. Betz
                                        Four Gateway Center
                                        100 Mulberry Street
                                        Newark, New Jersey 07102
                                        (973) 622-4444


                                        *Attorneys for Sundesa, LLC d/b/a*
                                        *BlenderBottle®*

*Of Counsel:*

Ali S. Razai
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Tel: (949) 760-0404
Fax: (949) 760-9502
ali.razai @knobbe.com

-25-

JS 44 (Rev. 06/17)
Case 1:21-cv-01122 Document 1-6 Filed 07/09/21 Page 27 of 28 PageID #: 384
Case 2:20-cv-02669 Document 1-4 Filed 03/10/20 Page 1 of 2 PageID #: 103

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sundesa, LLC d/b/a The Blenderbottle Company

**DEFENDANTS**

Tejarah International Inc. d/b/a Kitchsmart

**(b)** County of Residence of First Listed Plaintiff    Utah County, UT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Union County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

John E. Flaherty and Cynthia S. Betz
McCarter & English LLP, 100 Mulberry Street, Newark, NJ 07102

Attorneys *(If Known)*

N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 271

Brief description of cause:
Action for patent infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE     DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/10/2020 | /s/ John E. Flaherty |

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Case 1:21-cv-01223 Document 28-6 Filed 07/09/21 Page 28 of 28 PageID #: 885

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**      **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**      **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**      **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.