**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, | ) ) ) | |
| | ) | Case No. 1:21-cv-1132 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA INNOVATIONS INC. d/b/a ARCTIC ZONE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DIMISS THE FIRST AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION .................................................................................1

II. LEGAL STANDARD .........................................................................3

III. ARGUMENT .....................................................................................4

    A. BlenderBottle®'s Trade Dress Infringement Claim Is Sufficiently Pled ........................................................................................... 4

        1. BlenderBottle® Sufficiently Pled That The Bottle Trade Dress Is Not Functional.................................................................. 6

        2. BlenderBottle® Sufficiently Pled That The Bottle Trade Dress Has Secondary Meaning. ................................................. 9

        3. BlenderBottle® Sufficiently Pled That There Is A Likelihood of Confusion.................................................................... 11

    B. BlenderBottle®'s State Law Claims Should Not Be Dismissed. .................. 13

        1. BlenderBottle® Has Established That It Is Entitled To Injunctive Relief Under the Illinois Uniform Deceptive Trade Practices Act. ................................................................. 14

        2. BlenderBottle® Sufficiently Pled Its Illinois Consumer Fraud And Deceptive Business Practices Act Claim. .................................... 14

        3. BlenderBottle®'s Common Law Unfair Competition Claim Is Not Preempted By The UDTPA. ....................................... 15

    C. BlenderBottle® Adequately Pled Willful Patent Infringement. .................... 16

    D. BlenderBottle® Has Sufficiently Established Standing. .............................. 17

    E. Leave to Amend Is Freely Given When Justice Requires. ............................ 18

IV. CONCLUSION...................................................................................18

# TABLE OF AUTHORITIES

**Page No(s).**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
237 F.3d 198 (3d Cir. 2000) ............................................................................. 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 3

*Bodum USA, Inc. v. La Cafetiere, Inc.*,
621 F.3d 624 (7th Cir. 2010) ........................................................................... 5

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) ......................................................................... 15

*CardioVention, Inc. v. Medtronic, Inc.*,
483 F. Supp. 2d 830 (D. Minn. 2007) ......................................................... 8, 10

*Chartwell Studio, Inc. v. Team Impressions, Inc.*,
2020 WL 4053752 (N.D. Ill. Jul. 20, 2020) .................................................. 15

*Computer Care v. Service Sys. Enterprises, Inc.*,
982 F.2d 1063 (7th Cir. 1992) ......................................................................... 5

*David White Instruments, LLC v. TLZ, Inc.*,
No. 02-C-7156, 2003 WL 21148224 (N.D. Ill. May 16, 2003) .................... 4, 7

*Desmond v. Chicago Boxed Beef Distributors, Inc.*,
921 F. Supp. 2d 872 (N.D. Ill. 2013) ............................................................ 16

*Dresser, LLC v. VRG Controls, LLC*,
No 18-C-1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018) ...................... 16

*Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*,
790 F. Supp. 2d 732 (N.D. Ill. 2011) ............................................... 3, 7, 10, 15

*Erickson v. Pardus*,
551 U.S. 89 (2007) ........................................................................................... 4

*Florists' Transworld Delivery Ass'n v. Reliable Glassware & Pottery Co.*,
No. 79 C 894, 1981 WL 1376 (N.D. Ill. May 11, 1981) ................................. 7

# TABLE OF AUTHORITIES
## (*Cont'd*)

**Page No(s).**

*Foster v. DeLuca*,
  545 F.3d 582 (7th Cir. 2008) ............................................................. 4

*Groupon Inc. v. MobGob LLC*,
  No. 10 C 7456, 2011 WL 2111986 (N.D. Ill. May 25, 2011) ......................................... 16

*Hooker v. Columbia Pictures Industries, Inc.*,
  551 F. Supp. 1060 (N.D. Ill. 1982) .................................................... 5

*Incredible Tech. Inc. v. Virtual Tech., Inc.*,
  400 F.3d 1007 (7th Cir. 2005) ........................................................... 4

*Int'l Union of Operating Engineers, Loc. 150, AFL-CIO v. Team 150 Party, Inc.*,
  No. 07C3972, 2008 WL 4211561 (N.D. Ill. Sept. 5, 2008)........................................ 7, 11

*KJ Korea, Inc. v. Health Korea, Inc.*,
  No. 13–CV–6902, 2014 WL 4344307 (N.D. Ill. Sept. 2, 2014)....................................... 5

*LoggerHead Tools, LLC v. Sears Holding Corp.*,
  No. 12-CV-9033, 2015 WL 303071 (N.D. Ill. Jan. 22, 2015).......................................... 4

*Mighty Deer Lick, Inc. v. Morton Salt, Inc.*,
  No. 17-CV-05875, 2020 WL 635904 (N.D. Ill. Feb. 11, 2020) .................................... 10

*Packman v. Chicago Tribune Co.*,
  267 F.3d 628 (7th Cir. 2001) ........................................................... 5

*Pierce v Zoetis*,
  818 F.3d 274 (7th Cir. 2016) ........................................................... 4

*Publ'ns Int'l., Ltd. v. Leapfrog Enters., Inc.*,
  No. 01 C 3876, 2002 WL 31426651 (N.D. Ill. Oct. 29, 2002) ......................................... 3

*Qualitex Co. v. Jacobson Prods. Co., Inc.*,
  514 U.S. 159 (1995)................................................................. 5

*Republic Techs. (NA), LLC v. Friends Trading Inc.*,
  No. 19 C 7991, 2020 WL 5905218 (N.D. Ill. Oct. 6, 2020) ........................................ 12

*Smith Fiberglass Prod., Inc. v. Ameron, Inc.*,
  7 F.3d 1327 (7th Cir. 1993) ........................................................... 5

## TABLE OF AUTHORITIES
### (*Cont'd*)

**Page No(s).**

*Toho Co., Ltd. v. Sears, Roebuck & Co.*,
  645 F.2d 788 (9th Cir. 1981) ............................................................................... 5, 6

*Turtle Wax, Inc. v. First Brands Corp.*,
  781 F. Supp. 1314 (N.D. Ill. 1991) .......................................................................... 5

*Wallace Computer Services, Inc. v. Adams Business Forms, Inc.*,
  837 F. Supp. 1413 (N.D. Ill. 1993) .................................................................... 5, 13

*Weber-Stephen Products LLC v. Sears Holding Corp.*,
  No. 13-cv-01686, 2013 WL 5782433 (N.D. Ill. Oct. 25, 2013) ................................. 7, 10

Plaintiff, Trove Brands, LLC d/b/a The BlenderBottle Company ("BlenderBottle®") hereby submits this Opposition to Defendant California Innovations Inc. d/b/a/ Arctic Zone's ("Defendant") Rule 12(b)(6) Motion to Dismiss (Dkt. 28) Plaintiff's First Amended Complaint (Dkt. 23).

## I.  <u>INTRODUCTION</u>

Over nearly two decades, BlenderBottle® has pioneered innovative technology and path-breaking designs to revolutionize the way supplements are mixed and consumed. Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle® products embodying the Bottle Trade Dress in this action have been lauded by consumers and the media, including *Good Morning America*, *Reader's Digest, Self*, *the Today Show*, *Men's Fitness*, and others.  An example of BlenderBottle®'s Bottle Trade Dress is shown below:



BlenderBottle® accuses Defendant of seeking to capitalize on this goodwill by selling products confusingly similar to BlenderBottle®'s Bottle Trade Dress.  Defendant sells the below bottle (the "AZ Pro Shaker Bottle"), which infringes BlenderBottle®'s intellectual property rights:



BlenderBottle® also alleges that the AZ Pro Shaker Bottle, including the agitator, infringes BlenderBottle®'s United States Patent No. 6,379,032 (the "'032 Patent"), titled "FLOWTHROUGH AGITATOR." (Dkt. 23-1.)

Defendant asserts that BlenderBottle® failed to adequately plead non-functionality of its Bottle Trade Dress. To the contrary, BlenderBottle® provided product images and made multiple factual allegations that plausibly establish that the bottle design was arbitrary and not essential to its function or purpose. There are countless ways to design a bottle; BlenderBottle®'s design, which has achieved extensive media recognition and sales, is not dictated by function.

Defendant also asserts the Amended Complaint fails to include facts sufficient to allege that the Bottle Trade Dress has acquired secondary meaning. But that argument ignores the several paragraphs in the Amended Complaint reciting facts, such as extensive product sales and consumer recognition, to plausibly plead secondary meaning. Defendant also ignores BlenderBottle®'s factual allegations supporting that there is a likelihood of confusion.

For the same reasons that BlenderBottle® has pled sufficient facts to establish trade dress infringement, BlenderBottle® has pled sufficient facts to establish claims for violation of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and unfair competition. Defendant also

ignores BlenderBottle®'s numerous allegations regarding future harm in support of its request for injunction under the UDTPA. Further, Defendant improperly asserts that a heightened pleading standard is required to plead a violation of the ICFA. A heightened pleading standard is not applied when the violation of the ICFA is based on allegations of a likelihood of confusion.

Lastly, BlenderBottle® has alleged sufficient facts to support its claim of willful patent infringement. BlenderBottle® has set forth facts supporting that Defendant knew of BlenderBottle®'s '032 patent and that Defendant knew its conduct infringed the '032 patent. Such allegations are sufficient.

Accordingly, Defendant's Motion to Dismiss should be denied in its entirety.

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555.

Contrary to Defendant's assertion, the heightened pleading requirement of Rule 9(b) does not apply to likelihood of confusion claims because there is no requirement to prove fraud for likelihood-of-confusion claims. *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC,* 790 F. Supp. 2d 732, 738 (N.D. Ill. 2011). Further, where an Illinois UDTPA claim is based on a likelihood of confusion, courts have held that the ordinary notice-pleading standard applies. *Id.* at 739 (citing *Publ'ns Int'l., Ltd. v. Leapfrog Enters., Inc*., No. 01 C 3876, 2002 WL 31426651, at *6 (N.D. Ill. Oct. 29, 2002) (holding that DTPA allegations regarding a likelihood of confusion did not necessarily constitute "fraud" such that Rule 9(b) would apply)).

-3-

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations" contained in the challenged pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences must be drawn in favor of the non-moving party. *Pierce v Zoetis*, 818 F.3d 274, 277 (7th Cir. 2016). "Facial plausibility exists when the court can 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *LoggerHead Tools, LLC v. Sears Holding Corp.*, No. 12-CV-9033, 2015 WL 303071, at *1 (N.D. Ill. Jan. 22, 2015) (citing *Ashcroft*, 556 U.S. at 678).

If a court finds that a particular cause of action fails to state a claim, leave to amend is routinely granted to allow the plaintiff to allege additional facts to support its claim. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *see also* Fed. R. Civ. P. 15(a) (noting that the Court should "freely give leave when justice so requires").

## III.     ARGUMENT

### A.     BlenderBottle®'s Trade Dress Infringement Claim Is Sufficiently Pled

In order to plead a product design trade dress infringement claim, BlenderBottle® must plausibly plead that: (1) its trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) a likelihood of confusion exists between its trade dress and Defendant's trade dress. *LoggerHead Tools*, 2015 WL 303071, at *2 (citing *Incredible Tech. Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1015 (7th Cir. 2005)).

"Whether a trade dress element is functional is a question of fact." *David White Instruments, LLC v. TLZ, Inc.*, No. 02-C-7156, 2003 WL 21148224, at *8 (N.D. Ill. May 16, 2003). A design feature is functional "if the [product feature] is essential to the use or purpose of

the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Qualitex Co. v. Jacobson Prods. Co., Inc.,* 514 U.S. 159, 165 (1995) (internal quotations omitted.). "The focus of any trade dress claim must be on the combined effect of all facets of the plaintiff's trade dress." *Turtle Wax, Inc. v. First Brands Corp*., 781 F. Supp. 1314, 1320 (N.D. Ill. 1991); *see also Computer Care v. Service Sys. Enterprises, Inc*., 982 F.2d 1063, 1072 (7th Cir. 1992) (a combination and arrangement of features can be nonfunctional, even if some of its elements are functional.)

Trade dress acquires secondary meaning when consumers associate the design with a particular manufacturer. *Bodum USA, Inc. v. La Cafetiere, Inc*., 621 F.3d 624, 627 (7th Cir. 2010). "Secondary meaning can be established through 'direct consumer testimony, consumer surveys, length and manner of use, amount and manner of advertising, volume of sales, place in the market, and evidence of intentional copying.'" *KJ Korea, Inc. v. Health Korea, Inc*., No. 13–CV–6902, 2014 WL 4344307, at *5 (N.D. Ill. Sept. 2, 2014) (quoting *Packman v. Chicago Tribune Co*., 267 F.3d 628, 641 (7th Cir. 2001)).

Courts in this Circuit weigh the following factors in assessing a likelihood of confusion: (1) similarity between the marks; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of plaintiff's mark; (6) actual confusion; and (7) defendant's intent. *Smith Fiberglass Prod., Inc. v. Ameron, Inc*., 7 F.3d 1327, 1329 (7th Cir. 1993). Likelihood of confusion is typically an issue to be determined by a trier of fact. *Wallace Computer Services, Inc. v. Adams Business Forms, Inc*., 837 F. Supp. 1413, 1419 (N.D. Ill. 1993) *(see also Hooker v. Columbia Pictures Industries, Inc*., 551 F. Supp. 1060 (N.D. Ill. 1982); *Toho Co., Ltd. v. Sears, Roebuck & Co*., 645 F.2d 788 (9th

Cir. 1981)). In rare cases, the courts have found no likelihood of confusion as a matter of law. *Id*. However, in those cases the two products or services which were so grossly different that a likelihood of confusion could not reasonably have existed. *Id*.

1. **BlenderBottle® Sufficiently Pled That The Bottle Trade Dress Is Not Functional.**

BlenderBottle®'s Amended Complaint provided a clear description of the various ornamental features comprising the Bottle Trade Dress. (Dkt. 23 at ¶ 12) ("The Bottle Trade Dress includes, but is not limited to: a tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and the brackets host a pivoting arm containing a circular spout closure element.")

Contrary to Defendant's allegations, BlenderBottle®'s assertions of non-functionality more than satisfy the pleading standard. BlenderBottle® provides the following explanations as to why the bottle embodied by its alleged trade dress is non-functional:

- There are alternative designs to the bottles that embody the claimed trade dress. In fact, the Amended Complaint included images of various alternative bottle designs available in the market. (Dkt. No. 23 at ¶¶ 19-20.)

- The features of the claimed trade dress are "the result of decisions regarding ornamentation." (*Id*. at ¶ 20.)

- The designs are not a result of a comparatively simple or inexpensive method of manufacture. (*Id*. at ¶ 21.)

- The designs do not yield a utilitarian advantage. (*Id*. at ¶ 19) ("The design features embodied by the Bottle Trade Dress are not essential to the function of

the product…. The Bottle Trade Dress is not in its particular shape because it works better in that shape.")

Courts have held that functionality requires factual determinations and that lesser allegations than those made by BlenderBottle® are more than sufficient to put a defendant on notice that the alleged trade dress is non-functional. *See David White Instruments*, 2003 WL 21148224, at *8 ("Whether a trade dress is functional is a question of fact… and, therefore, not appropriate for consideration on a motion to dismiss."); *Dynamic Fluid Control (PTY) Ltd.,* 790 F. Supp. 2d at 737 (The Court found that plaintiff's inclusion of photos and allegation that the trade dress was not functional was sufficient. Further, "[Defendant's] arguments that [the] alleged trade dress is functional or not distinctive are similarly misplaced because they require factual determinations that are premature at this stage in the litigation."); *Florists' Transworld Delivery Ass'n v. Reliable Glassware & Pottery Co.,* No. 79 C 894, 1981 WL 1376, at *6 (N.D. Ill. May 11, 1981) ("The plaintiff alleges that both the floral design on the side of the vase and the vase's particular shape constitute 'non-functional trade dress.' That is sufficient."); *Weber-Stephen Products LLC v. Sears Holding Corp*., No. 13-cv-01686, 2013 WL 5782433, at *5 (N.D. Ill. Oct. 25, 2013) (finding that mere allegations that the trade dress "is non-functional" coupled with photographs of trade dress were sufficient to plausibly plead that the trade dress is non-functional). Thus, accepting all of BlenderBottle®'s factual allegations as true, it cannot be the case that BlenderBottle® has failed to plead that its Bottle Trade Dress is nonfunctional.

Defendant impermissibly goes outside the pleadings and refers to a <u>non-final</u> Office Action from the United States Patent and Trademark Office ("USPTO") in support of its argument that BlenderBottle® has failed to sufficiently plead non-functionality. (Dkt. 28-1.)  *See Int'l Union of Operating Engineers, Loc. 150, AFL-CIO v. Team 150 Party, Inc*., No. 07C3972,

2008 WL 4211561, at *3 (N.D. Ill. Sept. 5, 2008) ("Matters outside the scope of the pleadings may not be considered on a motion to dismiss"). Even if the Court considers this non-final Office Action, it is not sufficient to establish that BlenderBottle® has not plausibly pled non-functionality of its Bottle Trade Dress. The Office Action is non-final and is the first office action made with respect to BlenderBottle®'s application. BlenderBottle® has not yet responded or submitted its evidence supporting that its trade dress is not functional. Thus, this initial refusal is not persuasive, in particular at the motion to dismiss stage. *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,* 237 F.3d 198, 221 (3d Cir. 2000) ("[A]lthough an initial PTO determination by an examining attorney may be considered, it need not be given weight when the PTO attorney did not review all the evidence available to the District Court."); *CardioVention, Inc. v. Medtronic, Inc*., 483 F. Supp. 2d 830, 843 (D. Minn. 2007) (rejecting evidence of an USPTO interim decision as only "minimally relevant" despite causing "unfair prejudice, undue delay, and waste of time."). Moreover, the trade dress claimed in BlenderBottle®'s application is different from the asserted Bottle Trade Dress in this case. Accordingly, Defendant's arguments lack merit.

Defendant complains that BlenderBottle®'s Amended Complaint does not provide it with proper notice that the alleged trade dress is non-functional. However, Defendant does not offer any legitimate suggestion of how BlenderBottle® could have done better. Instead, Defendant requires that BlenderBottle® prove at the pleading stage that its claimed trade dress is non-functional. Such requirement is improper. BlenderBottle® has more than sufficiently pled that its Bottle Trade Dress is not functional.

**2.    BlenderBottle® Sufficiently Pled That The Bottle Trade Dress Has Secondary Meaning.**

BlenderBottle®'s allegations of secondary meaning for the Bottle Trade Dress more than satisfy the pleading standard. BlenderBottle®'s Amended Complaint clearly pleads that "the Bottle Trade Dress has established strong secondary meaning and extensive goodwill." (Dkt. 23 at ¶ 18.) Contrary to Defendant's assertion, BlenderBottle® pled numerous facts to support its allegation that the Bottle Trade Dress has acquired secondary meaning. Specifically, BlenderBottle® pled the following facts:

- That its products bearing the Bottle Trade Dress are sold in more than 90 countries worldwide and in over 60,000 retail locations including numerous major U.S. retailers such as Costco, Sam's Club, Target, Walmart, GNC, Amazon, Dick's Sporting Goods, and Vitamin Shoppe. (Dkt. 23 at ¶ 13.)

- Products bearing the Bottle Trade Dress have received significant media attention, including an identification of numerous specific examples. (*Id*. at ¶ 14.) Further, many celebrities have been photographed using products featuring the Bottle Trade Dress. (*Id*. at ¶ 15.)

- BlenderBottle® has engaged in extensive advertisement of its products bearing the Bottle Trade Dress. (*Id*. at ¶ 16.)

- BlenderBottle® has derived millions in revenues from sales of products bearing the Bottle Trade Dress. (*Id*. at ¶ 17.)

- The public has come to recognize and identify shakers bearing the Bottle Trade Dress as emanating from BlenderBottle®. (*Id*. at ¶ 18.)

- The public recognizes that shakers bearing the Bottle Trade Dress constitute high quality products that conform to the specifications created by BlenderBottle®. (*Id*.)

These allegations are more than sufficient to plead secondary meaning.

Defendant's argument that BlenderBottle® "failed to provide such details to the USPTO" are wholly irrelevant. As discussed above, BlenderBottle® has not yet responded to the Office Action issued by the USPTO. Further, Defendant's reliance on the *Mighty Deer Lick* case is misplaced. First, the Court in this case dismissed the plaintiff's trade dress infringement claims on the grounds that plaintiff failed to sufficiently identify its trade dress, not that plaintiff failed to plead secondary meaning. *Mighty Deer Lick, Inc. v. Morton Salt, Inc*., No. 17-CV-05875, 2020 WL 635904, at *8 (N.D. Ill. Feb. 11, 2020). Moreover, the Court in this case found that plaintiff could have satisfied the pleading standard by attaching photos of the trade dress "—as did the plaintiffs in *Dynamic Fluid Control (PTY) Ltd. v. International Valve Manufacturing, LLC*, 790 F. Supp. 2d 732, 737 (N.D. Ill. 2011), and *Weber-Stephen Products*, 2013 WL 5782433, at *4." *Id*. Here, BlenderBottle® attached photos of its asserted Bottle Trade Dress, in addition to its numerous factual allegations.

Defendant makes several non-sensical arguments as to why BlenderBottle® has failed to plead secondary meaning for its Bottle Trade Dress. Defendant argues that "Trove's product, which is already marked with a registered trademark, is called Blender***Bottle***, yet beyond a generic claim to a cylindrical bottle shape, the alleged trade dress describes only the lid of the product." *Id.* It is unclear to BlenderBottle® how its use of the word mark BLENDERBOTTLE® has any bearing on its Bottle Trade Dress or the acquired distinctiveness

for this trade dress. Moreover, BlenderBottle®'s Bottle Trade Dress does include the bottle and is not limited to the lid.

Defendant also improperly introduces evidence regarding BlenderBottle®'s advertising for its agitator and BlenderBottle®'s complaints filed in unrelated cases. (Dkt. 28 at 9.) Once again, Defendant relies on evidence outside of the scope of the pleadings which is not permissible at the motion to dismiss stage. *Int'l Union of Operating Engineers, Loc. 150, AFL-CIO*, 2008 WL 4211561, at *3. Further, simply because Defendant's agitator design acts a source identifier does not prohibit BlenderBottle®'s Bottle Trade Dress from also acting as source identifier. Defendant's arguments relating to BlenderBottle®'s agitator design, which is not at issue in this case, are non-sensical and irrelevant.

Defendant ignores the numerous factual allegations made by BlenderBottle® to support that its Bottle Trade Dress has acquired secondary meaning. BlenderBottle® has more than sufficiently pled secondary meaning.

### 3. **BlenderBottle® Sufficiently Pled That There Is A Likelihood of Confusion.**

Contrary to Defendant's allegations, BlenderBottle®'s allegations of likelihood of confusion more than satisfy the pleading standard. BlenderBottle®'s Amended Complaint pleads that "Defendant's use of the Bottle Trade Dress in connection with products identical to BlenderBottle®'s products and sold to identical customers through overlapping channels of trade is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BlenderBottle®." (Dkt. 23 at ¶ 45.)

While Defendant cites to the Seventh Circuit's seven factor test for likelihood of confusion (Dkt. 28 at 9-10), Defendant does not explain how BlenderBottle® failed to pled facts supporting each of these factors. Contrary to Defendant's assertion, BlenderBottle®'s Amended

Complaint pleads sufficient facts relating to at least the following likelihood of confusion factors:

Factor 1: Similarity between the marks. BlenderBottle®'s Amended Complaint provides the below images of the Bottle Trade Dress and the accused AZ Pro Shaker Bottle.



(Dkt. 23 at ¶¶ 11, 24.) Courts in this district have found that this factor has been sufficiently pled when images provided in a complaint support that a jury "could plausibly find that the marks are similar." *Republic Techs. (NA), LLC v. Friends Trading Inc*., No. 19 C 7991, 2020 WL 5905218, at *4-5 (N.D. Ill. Oct. 6, 2020).

Factor 2: Similarity of the products. BlenderBottle®'s Amended Complaint alleges that Defendant uses the design shown above on "identical products, namely, shaker bottles." (Dkt. 23 at ¶ 25.) Further, the identical nature of the parties' products is apparent from the photographs shown above and included in the complaint. (Dkt. 23 at ¶¶ 11, 24.)

Factor 3: Area and manner of concurrent use. BlenderBottle®'s Amended Complaint alleges that Defendant sells its product "to identical customers and through overlapping channels of trade and marketing channels such as Sam's Club." (Dkt. 23 at ¶ 32.)

Factor 5: Strength of complainant's mark. BlenderBottle®'s Amended Complaint alleges that the Bottle Trade Dress is distinctive. (Dkt. 23 at ¶ 11.) As discussed above,

BlenderBottle®'s Amended Complaint provides ample support for the strength of the Bottle Trade Dress and the public's recognition of the Bottle Trade Dress as emanating from BlenderBottle®.

Factor 7: Intent of defendant to palm-off his product as that of another. BlenderBottle®'s Amended Complaint alleges that "Defendant has intended to blatantly copy BlenderBottle®'s proprietary designs, and pass off its goods as BlenderBottle®'s high quality products to misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace." (Dkt. 23 at ¶ 31.)

BlenderBottle® has more than adequately pled a likelihood of confusion. *Wallace Computer*, 837 F. Supp. at 1420 ("Five of the seven delineated factors have been pleaded by the plaintiff, which allows a reasonable inference of a likelihood of confusion.").

Defendant again improperly attempts to rely on evidence outside of the scope of the pleadings to support that BlenderBottle® has not adequately pled a likelihood of confusion. Specifically, Defendant relies on a declaration from its President and CEO. This evidence should not be considered in deciding a motion to dismiss.

For the foregoing reasons, BlenderBottle® has more than sufficiently pled a likelihood of confusion.

**B.** **BlenderBottle®'s State Law Claims Should Not Be Dismissed.**

Defendant argues that BlenderBottle®'s state law claims (Counts 4-6) should be dismissed on the same grounds as BlenderBottle®'s Lanham Act claims. (Dkt. 28 at 11.) However, as explained above, BlenderBottle®'s Lanham Act claims should not be dismissed, and thus, the state law claims should not be dismissed for these same reasons.

1.      **BlenderBottle® Has Established That It Is Entitled To Injunctive Relief Under the Illinois Uniform Deceptive Trade Practices Act.**

Defendant alleges that the Amended Complaint does not allege a risk of past, present, or future harm. *Id.* However, this is plainly false. BlenderBottle®'s Amended Complaint alleges that Defendant's acts have and will cause BlenderBottle® irreparable injury. (Dkt. 23 at ¶ 68.) To support this allegation, BlenderBottle® pled the following facts:

- Defendant's acts cause a likelihood of confusion and/or misunderstanding as to the source of Defendant's goods and a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BlenderBottle® products. (Dkt. 23 at ¶ 64.)

- Defendant's acts misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace. (Dkt. 23 at ¶ 65.)

- Defendant's acts deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by BlenderBottle®, when they are not, resulting in a loss of reputation in, and mischaracterization of, BlenderBottle®'s products and its brand, damaging its marketability and saleability. (Dkt. 23 at ¶ 46.)

Accordingly, BlenderBottle® has alleged sufficient facts to support a likelihood of future harm, and thus has established that it is entitled to injunctive relief under the UDTPA.

2.      **BlenderBottle® Sufficiently Pled Its Illinois Consumer Fraud And Deceptive Business Practices Act Claim.**

As discussed above, BlenderBottle®'s Lanham Act claims were sufficiently pled and thus its claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") should not be dismissed. Defendant also improperly alleges that such claims are required to meet a heightened pleading standard. (Dkt. 28 at 12.) However, ICFA claims based

on a likelihood of confusion do not require a heightened pleading standard. *See Dynamic Fluid Control (PTY) Ltd.*, 790 F. Supp. 2d at 740 ("Defendants again argue that DFC's [ICFA] claim sounds in fraud and must be pleaded with specificity, and Defendants' argument is again unpersuasive.") In the *Camasta* case cited by Defendant, the ICFA claim was based on fraudulent conduct, not a likelihood of confusion, and thus, this case is inapplicable. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014).

Also, contrary to Defendant's assertion, the Amended Complaint establishes a nexus to consumer protection concerns. BlenderBottle® alleges that Defendant's acts are "likely to cause confusion, or to cause mistake, or to deceive ***consumers***." (Dkt. 23 at ¶ 70.) (emphasis added). The *Chartwell* case relied on by Defendant is inapposite. *Chartwell Studio, Inc. v. Team Impressions, Inc.,* 2020 WL 4053752, at *6 (N.D. Ill. Jul. 20, 2020). In this case, the complaint focused on Defendant's acts that deceived the Plaintiff, rather than the consuming public. *Id*. Here, BlenderBottle® is in no way alleging that it was deceived by Defendant's acts. Rather, the deception is to the consuming public. The other cases cited by Defendant are also inapplicable and are not in the context of likelihood of confusion claims. Further, "[w]hen evaluating claims on their merits, courts analyze DTPA claims and ICFA claims under the same standard." *Dynamic Fluid Control (PTY) Ltd.*, 790 F. Supp. 2d at 740.

Accordingly, BlenderBottle® has sufficiently pled its Illinois Consumer Fraud and Deceptive Business Practices Act Claim.

### 3. <u>BlenderBottle®'s Common Law Unfair Competition Claim Is Not Preempted By The UDTPA.</u>

Defendant argues that BlenderBottle®'s common law unfair competition claim is preempted by the Uniform Deceptive Trade Practices Act ("UDTPA"). (Dkt. 28 at 13.) However, a case cited by Defendant demonstrates that a claim for violation of UDTPA and a

common law unfair competition claim can be pled concurrently. *See Desmond v. Chicago Boxed Beef Distributors, Inc.*, 921 F. Supp. 2d 872, 885 (N.D. Ill. 2013) ("Given the above finding that Plaintiff has sufficiently pleaded claims of counterfeiting, false designation, and trademark dilution against Dutch Farms, the Court finds that Plaintiff's complaint also states common law claims of unfair competition and deceptive trade practices against Dutch Farms."). Accordingly, BlenderBottle®'s claim for common law unfair competition should not be dismissed.

**C.**     **<u>BlenderBottle® Adequately Pled Willful Patent Infringement.</u>**

This district has held that in order to sufficiently plead willful patent infringement "a plaintiff may plead conditions of the mind, such as knowledge and intent, generally" and may even do so "upon information and belief" as "this is a common and accepted pleading practice." *Groupon Inc. v. MobGob LLC*, No. 10 C 7456, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011). In *Groupon*, the Court denied defendant's motion to dismiss stating that plaintiffs "need not plead any more" than "a valid and publicly-filed patent" and infringement of said patent by the defendant. *Id.* Similarly, in the *Dresser* case cited by Defendant, the Court found it sufficient that plaintiff pled "that the defendant (1) knew of the patent and (2) knew that its conduct infringed." *Dresser, LLC v. VRG Controls, LLC*, No 18-C-1957, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018).

Here, BlenderBottle® has alleged that Defendant "knowingly, intentionally, and willfully infringed the '032 Patent." (Dkt. 23 at ¶ 37.) To support this allegation, BlenderBottle® pled the following facts:

- On January 15, 2020, BlenderBottle® sent Defendant a cease and desist letter demanding that Defendant cease selling shakers that infringe the '032 Patent and the Bottle Trade Dress. (Dkt. 23 at ¶ 27, Ex. 2.)

-16-

- Upon information and belief, Defendant was aware of BlenderBottle®, its products, its proprietary designs, and its intellectual property rights before selling its AZ Pro Shaker Bottle as BlenderBottle® is a market leader for shaker bottle products. (Dkt. 23 at ¶ 29.)

- BlenderBottle® identified its patents covering its products including the '032 patent on its publicly available website at blenderbottle.com/pages/ip. (Dkt. 23 at ¶ 30.)

The above allegations are more than enough to satisfy the pleading standard for willful patent infringement.

## D.  BlenderBottle® Has Sufficiently Established Standing.

To the extent Defendant challenges BlenderBottle®'s standing, such challenge lacks merit.  (Dkt. 28 at 3.)  Defendant argues that "while Trove alleges in the FAC that it is the exclusive licensee of the '032 Patent, its prior correspondence lists a corporation known as Sundesa, LLC as the exclusive licensee." *Id*. However, Plaintiff Trove Brands, LLC changed its name from Sundesa, LLC prior to the filing of the complaint (Dkt. 1), but after it sent the initial cease and desist letter. (Dkt. 23-2.)  Further, Defendant references the fact that Runway Blue, LLC is the owner of the trademark application.  However, this application is not asserted in this action.  Moreover, as explained in BlenderBottle®'s January 15, 2020 cease and desist letter to Defendant, Trove Brands is the exclusive licensee of Runway Blue. [1] (Dkt. 1-2)

---

[1] Further, Defendant failed to raise any issues regarding BlenderBottle®'s standing during the parties' meet and confer regarding this motion.

E.    **Leave to Amend Is Freely Given When Justice Requires.**

Leave to amend is freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Unless it is clear the complaint cannot possibly be saved by the allegation of other facts, leave to amend is properly granted.  Thus, to the extent that the Court finds any of BlenderBottle®'s allegations insufficient BlenderBottle® should be provided the opportunity to amend its complaint.

BlenderBottle® has amended its complaint once voluntarily, in an attempt to appease Defendant and avoid judicial intervention.   BlenderBottle® should not be refused another opportunity to amend its complaint because this is not a situation where BlenderBottle® still came up short despite previously losing a motion to dismiss and receiving guidance from the Court regarding how its pleading was deficient.

### IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to dismiss in its entirety.

<table>
<tr><td></td><td>s/<em>Julianne M. Hartzell</em></td></tr>
<tr><td></td><td>Julianne M. Hartzell</td></tr>
<tr><td></td><td>Kelley S. Gordon</td></tr>
<tr><td></td><td>Marshall Gerstein & Borun LLP</td></tr>
<tr><td></td><td>233 South Wacker Drive</td></tr>
<tr><td></td><td>6300 Willis Tower</td></tr>
<tr><td></td><td>Chicago, Illinois 60606</td></tr>
<tr><td></td><td>Telephone: (312) 474-6300</td></tr>
<tr><td><em>Of Counsel:</em></td><td>Fax: (312) 474-0448</td></tr>
<tr><td></td><td>jhartzell@marshallip.com</td></tr>
<tr><td>Paul A. Stewart (<em>pro hac vice</em> pending)</td><td>kgordon@marshallip.com</td></tr>
<tr><td>Ali S. Razai (<em>pro hac vice</em> pending)</td><td>Counsel for Plaintiff</td></tr>
<tr><td>Nicole Townes (<em>pro hac vice</em> pending)</td><td>TROVE  BRANDS,  LLC  d/b/a  THE</td></tr>
<tr><td>KNOBBE, MARTENS, OLSON & BEAR, LLP</td><td>BLENDERBOTTLE COMPANY</td></tr>
<tr><td>2040 Main Street, 14th Floor</td><td></td></tr>
<tr><td>Irvine, CA 92614</td><td>August 13, 2021</td></tr>
<tr><td>Telephone: 949-760-0404</td><td></td></tr>
<tr><td>Facsimile:  949-760-9502</td><td></td></tr>
<tr><td>Paul.stewart@knobbe.com</td><td></td></tr>
<tr><td>Ali.Razai@knobbe.com</td><td></td></tr>
<tr><td>Nicole.Townes@knobbe.com</td><td></td></tr>
</table>

August 13, 2021

53819720